IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WADE FELIX THORNTON,

    Petitioner,                          No. CIV S-03-0755 MCE DAD P

    vs.

DIANA K. BUTLER, Warden,

    Respondent.                        <u>ORDER</u>

/

          Petitioner is a state prisoner proceeding through counsel with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 17, 2008, petitioner filed a request for an order prohibiting the California Department of Corrections from transferring him to an out-of-state prison. Petitioner argued that a transfer without prior court approval would violate Fed. R. App. P. 23(a). That rule provides, in relevant part, that "pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." In an exhibit to his motion petitioner argued, without elaboration, that a transfer to an out-of-state prison would require him to serve his sentence in a different state than where he was convicted and would separate him from his legal materials and his habeas counsel.

1       In his opposition to the motion, respondent argues that Fed. R. App. P. 23(a) does not operate to prevent petitioner's transfer to another prison because this matter is not pending review of a decision in a habeas corpus proceeding.

       Fed. R. App. 23(a) was "designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir. 1981). "The concern of Rule 23(a) is one of technical compliance with the rule that 'there is generally only one proper respondent' to a habeas petition: 'the person with the ability to produce the prisoner's body before the habeas court.'" O.K. v. Bush, 377 F. Supp.2d 102, 116 (D.D.C. 2005) (quoting Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 2717 (2004)). Rule 23(a) "requires a district court to monitor compliance with this rule even where the case is otherwise before the appellate court, to ensure that the courts remain in a position to order the respondent to produce and release the petitioner if a ruling of the appellate court – or a later ruling of the district court – so requires." Id. at 116. To this end, federal rules allow for the substitution of parties in order to ensure that the proper custodian is before the court. Fed. R. App. P. 23(a); Rule 2(a), 28 U.S.C. foll. § 2254. See also Wood v. United States, 873 F.Supp. 56, 56 (W.D. Mich. 1995) ("Rule 23(a) is designed to prevent frustration of an appeal through transfer of the custody of the prisoner while the appeal is pending. This purpose is reflected in the provisions of the rule for substituting the successor custodian as a party").

       Respondent is correct that Fed. R. App. P. 23(a), by its terms, does not appear to prevent petitioner's transfer. This matter is not "pending review of a decision in a habeas corpus proceeding." On the contrary, no decision has yet been rendered on petitioner's habeas petition. Assuming arguendo that Fed. R. App. P. 23(a) applies to this situation, petitioner has failed to demonstrate that he would be unable to prosecute his habeas action if he was housed in an out-of-state prison. The court notes, in this regard, that petitioner has habeas counsel in this state and

that this matter is fully submitted for decision. See Shabazz v. Carroll, 814 F.2d 1321, 1324 (9th Cir. 1987) (declining to order transfer back, notwithstanding improper transfer, because review of habeas petition was not prejudiced by transfer), vacated in part on other grounds, 833 F.2d 149 (9th Cir.1987).  Respondent tacitly concedes that any transfer of petitioner to an out of state prison will not divest this court of jurisdiction over the pending habeas action.

Of course, petitioner does not have a constitutional right to be classified in a particular manner or to be housed in a particular prison.  Olim v. Wakinekona, 461 U.S. 238, 248 (1983) (an interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process Clause); White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004) (habeas petitioner's transfer to an out-of-state prison did not violate any substantive liberty interest protected by the Due Process Clause even where the petitioner alleged that he was forced to serve part of his sentence in a different state than where he was convicted and was unable to receive visitors or see counsel).  In short, petitioner has failed to demonstrate that Fed. R. App. P. 23(a) is applicable to him or that he would be unable to prosecute his habeas action if he were transferred out of state[1].

Accordingly, for all of these reasons, IT IS HEREBY ORDERED that:

1. Petitioner's request for an order prohibiting the California Department of Corrections from transferring him to an out-of-state prison is denied; and

/////

/////

/////

//////

/////

---

[1] The court also notes that because petitioner has not yet been transferred to another prison, he may lack standing to bring this motion. See Harbolt v. Alldredge 311 F.Supp. 688, 691 (D.C. Okl. 1970) (federal prisoner who had not yet been transferred by federal attorney general in violation of Fed. R. App. P. 23(a) had no standing to complain of a violation of the rule).

3

2. If petitioner is transferred to an out-of-state prison, respondent shall so notify this court so that the court can substitute the successor custodian as a party to this action.

DATED: December 18, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
thornton755.transfer

4